**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
SAMEER A. QADRI, BAR NO. 12631.

No. 64797 **FILED**

JUL 07 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

*ORDER IMPOSING RECIPROCAL DISCIPLINE*

This is a petition under SCR 114 to reciprocally discipline attorney Sameer A. Qadri, based on discipline imposed upon him in California. Qadri has not responded to the petition.

The California Supreme Court entered an order wherein Qadri was placed on a two-year stayed suspension from the practice of law in California, a two-year probationary period, and a 90-day actual suspension.[1] During Qadri's probationary period, he must adhere to the following conditions: he must comply with the California Bar Act and the California Rules of Professional Conduct; report any change in information to the California Bar and Office of Probation within 10 days of the change; schedule a meeting with a probation deputy within 30 days of the effective date of discipline and meet with the probation deputy, in person or by telephone, as directed and upon request; submit written quarterly reports to the Office of Probation, with a final report due no earlier than 20 days before the last day of the probation period; answer fully, promptly, and truthfully, any inquiries of the Office of Probation and any probation

[1]The California Supreme Court's disciplinary order was filed on August 28, 2013, however, Qadri failed to inform bar counsel of that fact as is required by SCR 114(1). As a result, the Nevada State Bar was not made aware of the discipline until October 2013.

14-21917

monitor assigned, relating to whether Qadri is complying or has complied with the conditions of probation; attend Ethics School within one year of the effective date of discipline and provide proof of attendance to the Office of Probation; and take and pass the Multistate Professional Responsibility Examination (MPRE) within one year of the effective date of discipline.[2]

The discipline was based on Qadri's violation of California Civil Code section 2944.7(a)(1), California Business and Professions Code section 6106.3, and California Rules of Professional Conduct 1-300(B) (unauthorized practice of law), 3-110(A) (failing to act competently), and 4-200(A) (fees for legal services).[3] Specifically, Qadri contracted with four different clients to perform mortgage loan modification services. The clients paid Qadri advanced fees and then Qadri failed to adequately perform the services contracted for. Two of the clients contracted with Qadri to perform his services on homes located in New York and Virginia. Although Qadri is not now, nor ever was, licensed to practice law in New York or Virginia, he led these clients to believe that he was. Eventually, Qadri refunded each client's money, but not until after each client had lodged a complaint with the California State Bar. Two aggravating factors—significant harm caused to clients by not refunding their money until at least eight months after termination and only after each client

_____

[2]Qadri was also ordered to pay the costs of the disciplinary proceedings.

[3]Nevada does not appear to have a counterpart to the Civil and Business and Professions Code violations. However, Nevada's counterparts to the Rules of Professional Conduct violated are: RPC 5.5 (unauthorized practice of law), RPC 1.1 (competence), and RPC 1.5 (fees).

complained to the California State Bar, and multiple acts of misconduct involving multiple clients—and no mitigating circumstances were considered.

SCR 114(4) provides that this court shall impose identical reciprocal discipline unless the attorney demonstrates, or this court finds, that one of four exceptions applies. None of the exceptions is present in this case.

Accordingly, we grant the petition for reciprocal discipline. Qadri shall be suspended for two years, with the suspension stayed, and Qadri shall be placed on probation for two years. In addition, Qadri shall serve a 90-day actual suspension. This discipline shall commence on the date this order is filed. Finally, Qadri shall copy Nevada Bar Counsel with proof of his compliance with the conditions of his probation in California. In particular, Qadri shall provide all reports submitted to the California State Bar probation unit, proof of attendance at Ethics School, and his MPRE score. Qadri and the Nevada State Bar shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Gibbons

_____, J.
Pickering

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

cc: David A. Clark, Bar Counsel
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Sameer A. Qadri
Perry Thompson, Admissions Office, United States Supreme Court